```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
In re:                                                              Case No. 18-14858-elf
Dawn Laurel Dorsey Baynard                                          Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-4          User: Virginia            Page 1 of 1           Date Rcvd: Jan 23, 2020
                              Form ID: pdf900           Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 25, 2020.
db             +Dawn Laurel Dorsey Baynard,    254 W. Wilkes-Barre St.,    Easton, PA 18042-6630

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 23, 2020 at the address(es) listed below:
              CHRISTOPHER M. MCMONAGLE    on behalf of Creditor    Wilmington Savings Fund Society, FSB
               cmcmonagle@sterneisenberg.com, bkecf@sterneisenberg.com
              KEVIN G. MCDONALD    on behalf of Creditor    Morgan Stanley Mortgage Capital Holdings LLC
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Specialized Loan Servicing LLC
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    FV-I, Inc. In  For Trust Morgan Stanley Mortgage
               Capital Holdings LLC bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
              ZACHARY  ZAWARSKI    on behalf of Debtor Dawn Laurel Dorsey Baynard zzawarski@zawarskilaw.com
                                                                                                 TOTAL: 8
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dawn Laurel Dorsey Baynard fka Dawn Laurel Baynard aka Dawn Laurel Dorsey<br>　　　　Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for FV-I, Inc. In trust for Morgan Stanley Mortgage Capital Holdings LLC<br>　　　　Movant<br>vs. | NO. 18-14858 ELF |
| Dawn Laurel Dorsey Baynard fka Dawn Laurel Baynard aka Dawn Laurel Dorsey<br>　　　　Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,842.50**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2019 to January 2020 at $977.50/month |
| Suspense Balance: | $45.00 |
| **Total Post-Petition Arrears** | **$4,842.50** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before January 31, 2020, the Debtor shall make a down payment in the amount of **$3,000.00**;

b). Beginning on February 1, 2020 and continuing through July 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$977.50** n the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges being assessed after the 15ᵗʰ of the month), plus an installment payment of **$307.10 from February 2020 to June 2020 and $307.00 for July 2020** towards the arrearages on or before the last day of each month at the address below;

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129

    b).  Maintenance of current monthly mortgage payments to the Movant thereafter.

  3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay,

  5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

  8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

  9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: December 31, 2019      By: /s/ Rebecca A. Solarz, Esquire
                Attorney for Movant

Date: 1/3/2020

                Zachary Zawarski, Esquire
                Attorney for Debtor

Date: 1/17/2020

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

## O R D E R

Approved by the Court this 23rd day of _____January 2020._____, XXXX However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank