United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-14858-pmm |
| Dawn Laurel Dorsey Baynard | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 20, 2023 | Form ID: 3180W | Total Noticed: 6 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Dawn Laurel Dorsey Baynard, 254 W. Wilkes-Barre St., Easton, PA 18042-6630 |
| 14169806 | + | Zachary Zawarski, Esq., 3001 Easton Ave., Bethlehem, PA 18017-4207 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: taxclaim@countyofberks.com | Oct 21 2023 00:47:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Oct 21 2023 00:48:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14570853 | ^ | MEBN | Oct 21 2023 00:39:10 | U.S. Bank Trust National Association, as, Trustee of the Bungalow Series IV Trust, c/o SN Servicing Corporation, 323 Fifth Street, Eureka, CA 95501-0305 |
| 14194839 | | EDI: WFFC2 | Oct 21 2023 04:40:00 | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Oct 22, 2023 | Signature: | /s/Gustava Winters |

District/off: 0313-4 | User: admin | Page 2 of 2
Date Rcvd: Oct 20, 2023 | Form ID: 3180W | Total Noticed: 6

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 19, 2023 at the address(es) listed below:**

**Name**     **Email Address**

BRIAN CRAIG NICHOLAS
on behalf of Creditor FV-I Inc. In For Trust Morgan Stanley Mortgage Capital Holdings LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com

BRIAN CRAIG NICHOLAS
on behalf of Creditor Specialized Loan Servicing LLC bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com

CHRISTOPHER M. MCMONAGLE
on behalf of Creditor Wilmington Savings Fund Society FSB christopher.mcmonagle@bbs-law.com, bkecf@sterneisenberg.com

JONATHAN C. SCHWALB
on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust bankruptcy@friedmanvartolo.com

KEVIN G. MCDONALD
on behalf of Creditor Morgan Stanley Mortgage Capital Holdings LLC bkgroup@kmllawgroup.com

LAUREN MOYER
on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust bkecf@friedmanvartolo.com

LAUREN MOYER
on behalf of Creditor U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust bkecf@friedmanvartolo.com

ROGER FAY
on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust rfay@alaw.net, bkecf@milsteadlaw.com

SCOTT F. WATERMAN [Chapter 13]
ECFMail@ReadingCh13.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

ZACHARY ZAWARSKI
on behalf of Debtor Dawn Laurel Dorsey Baynard zzawarski@zawarskilaw.com

TOTAL: 11

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Dawn Laurel Dorsey Baynard**<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3882<br>EIN   __–_____ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____<br>EIN   __–_____ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 18–14858–pmm | |

# Order of Discharge                                                                                        12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

> Dawn Laurel Dorsey Baynard
> aka Dawn Laurel Dorsey, fka Dawn Laurel Baynard

10/19/23

**By the court:** Patricia M. Mayer
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**